**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Nez, | No. CV-19-08200-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company, | |
| Defendant. | |

Pending before the Court is Defendant American Family Mutual Insurance Company ("Defendant")'s Motion for Summary Judgment (Doc. 16). For the following reasons, the motion is denied.

**BACKGROUND**

On October 12, 2017, Plaintiff Victoria Nez's adult sister, Jovita Baldwin, was fatally injured while crossing Camelback Road. The deceased was hit by a vehicle driven by non-party Ledrius Franklin. Plaintiff is now a legal guardian to the deceased's thirteen-year-old son and personal representative of the deceased's estate.

Plaintiff maintains an uninsured motorist policy with Defendant. The policy provides uninsured motorist coverage for all family members that are in the same household as Plaintiff. Upon the death of her sister, Plaintiff filed a claim for the uninsured motorist coverage. Defendant denied Plaintiff's claim for failure to provide evidence that the deceased was Plaintiff's relative and a member of Plaintiff's household. Plaintiff claims

1 to have provided sufficient evidence. As a result, Plaintiff brought this action against Defendant alleging breach of contract. Defendant now moves for summary judgment.

**DISCUSSION**

**I. Legal Standard**

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

**II. Analysis**

This dispute arose because it is unclear in what capacity Plaintiff is bringing this action.[1] The Arizona statute governing wrongful death actions provides:

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, *or personal representative of the deceased person for and on behalf* of the surviving husband or wife, children or parents, *or if none of these survive*, on behalf of the decedent's estate.

---
[1] Because Plaintiff does not contest Defendant's characterization of this action as a wrongful death action, the Court will treat it as such.

A.R.S. § 12-612 (emphasis added). It is undisputed that Plaintiff may not bring a wrongful death action in her individual capacity or on behalf of the estate. It is similarly undisputed that Plaintiff may bring a wrongful death action in her capacity as personal representative of the estate on behalf of the decedent's surviving son.

Defendant moved for summary judgment because it understood Plaintiff to be improperly bringing a wrongful death action either in her individual capacity or on behalf of the estate. Plaintiff asserts in her Response, for the first time, that she is bringing this action on behalf of the decedent's son. Because Plaintiff may bring a wrongful death action on behalf of a statutory beneficiary, summary judgment for Defendant on the grounds that Plaintiff is an improper plaintiff is not appropriate. However, the caption in this action must be amended to reflect Plaintiff's representative capacity.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant American Family Mutual Insurance Company's Motion for Summary Judgment (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to amend the caption in this action to "Victoria Nez, as personal representative of the Estate of Jovita Baldwin on behalf of the statutory beneficiary of Jovita Baldwin."

Dated this 31st day of December, 2019.

_____
G. Murray Snow
Chief United States District Judge