**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Nez, as personal representative of the Estate of Jovita Baldwin, on behalf of the statutory beneficiary of Jovita Baldwin,<br><br>Plaintiff,<br><br>v.<br><br>American Family Mutual Insurance Company,<br><br>Defendant. | No. CV-19-08200-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant American Family Mutual Insurance Company's ("Defendant") Motion *In Limine* No. 1 re Damages. (Doc. 47.) For the following reasons, the Motion is granted in part and denied in part.

## DISCUSSION

Jovita Baldwin was fatally injured while crossing Camelback Road in Phoenix on October 12, 2017. Plaintiff Victoria Nez ("Plaintiff") is the personal representative of Ms. Baldwin's estate and the legal guardian of Ms. Baldwin's son, Shawn Carroll. Upon the death of her sister, Plaintiff made a claim for wrongful death under Defendant's uninsured motorist coverage and was denied.

Trial on this matter is set for July 27, 2021. (Doc. 54.) Defendant seeks to exclude the following evidence at trial: (1) evidence of Plaintiff and/or her family's personal loss; (2) evidence of Shawn Carroll's loss of financial support; and (3) evidence of Shawn

Carroll's mental health treatment. (Doc. 47 at 4.)

Evidence of the personal loss that Plaintiff and/or her family, except for Shawn Carroll, suffered because of Ms. Baldwin's death is excluded from trial. In Arizona, a wrongful death action may be brought by a surviving statutory beneficiary or by a personal representative of the deceased person on behalf of a surviving statutory beneficiary. A.R.S. § 12-612. Plaintiff brings this action on behalf of Shawn Carroll. Accordingly, only Shawn Carroll's damages are relevant.

The Court will not, however, exclude evidence of Shawn Carroll's loss of financial support or mental health treatment at this time. Defendant seeks to exclude this evidence on the grounds that it was not properly disclosed. (Doc. 47 at 2–3.) Excluding this evidence would be equivalent to imposing a sanction on Plaintiff. *See* Fed. R. Civ. P. 37(b)(2). It is not clear from the parties' briefing what has and has not been disclosed regarding Shawn Carroll's damages. Without more information, imposing a sanction is inappropriate. Defendant may reassert this objection at trial.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant American Family Mutual Insurance Company's Motion *In Limine* No. 1 Re Damages (Doc. 47) is **GRANTED** in part and **DENIED** in part as follows:

1. Evidence of the personal loss that Plaintiff and/or her family, except for Shawn Carroll, suffered because of Ms. Baldwin's death is excluded from trial.

2. Defendant's Motion to exclude evidence of Shawn Carroll's loss of financial support and mental health treatment is denied without prejudice.

Dated this 4th day of May, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge